# Heist v. Tarbet.

Where the transcript shows that, "the defendant got into and took possession of the plaintiff's house without his knowledge or consent," and the plaintiff, by his testimony before the Justice, shows further that the defendant continued to keep "forcible detention of the house" the Justice has jurisdiction in an action of trespass.

TRESPASS—TRANSCRIPT—JURISDICTION.

No. 88, March Term, 1902; C. P. of Montgomery County.

Certiorari to the proceedings before Justice of the Peace, David Harmer, Esq.

Samuel High, Esq., for exceptions. Opinion by SWARTZ, P. J.

BY THE COURT—The exceptions that the transcript does not sufficiently set forth the cause of action cannot be sustained. The Justice's return shows that "the defendant got into and took possession of the plaintiff's house without his knowledge or consent" and the plaintiff by his testimony before the Justice shows further that the defendant continued to keep "forcible detention of the house." Under Hobbs v. Geiss, 13 S. & R., 417, this is a charge of trespass within the jurisdiction of the Justice of the Peace.

The remaining exceptions are without merit.

There is not a second action for the same trespass.

Where there is a continuing trespass there may be successive actions for damages. In each case the recovery is limited to the damage sustained subsequently to the last preceding action.

And now, May 19, 1902, the exceptions are dismissed and the proceedings before the Justice are sustained.